# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | |
|---|---|
| IN RE:<br><br>JAMES JEROME PHILLIPS and<br>TAMARA JOHNSTON PHILLIPS,<br><br>     Debtors.<br><br>BANK OF AMERICA, N.A.,<br><br>     Appellant,<br><br>v.<br><br>JAMES JEROME PHILLIPS and<br>TAMARA JOHNSTON PHILLIPS,<br><br>     Appellees. | Case No. 2:14-cv-00095-RWS |

## BANK OF AMERICA, N.A.'S MOTION AND MEMORANDUM OF LAW FOR SUMMARY AFFIRMANCE SUBJECT TO APPELLATE REVIEW

Bank of America, N.A. ("Bank of America") moves the Court for summary affirmance of the Order Allowing Junior Lien as Unsecured Claim, ("Order") entered by the United States Bankruptcy Court for the Northern District of Georgia (Birzendine, J.) in this matter on April 4, 2014. In support of this motion, Bank of America represents as follows:

1

1.     Debtor filed a voluntary chapter 7 petition in the United States Bankruptcy Court for the Northern District of Georgia on December 26, 2013.

2.     The Debtor owns real property located at 452 Lisa Circle, Winder, Georgia 30680 (the "Property).

3.     The Property is subject to two mortgage liens. As of the filing of the voluntary petition (and as of the date of this Motion), the amount outstanding on the first-priority mortgage (approximately $132,491.00) exceeds the fair market value of the Property.

4.     Bank of America is the holder and/or servicer with respect to a second-priority mortgage, in the approximate amount of $45,641.00 (the "Second Lien").

5.      On December 30, 2013, the Debtor filed a motion (the "Motion") seeking an order voiding the junior lien held and/or serviced by Bank of America effective upon entry of a chapter 7 discharge in the Debtors' bankruptcy case.

6.     The Motion was resolved in the bankruptcy court by the Order, entered on April 4, 2014.  *See* [Doc. 1-3]. The bankruptcy court held in the Order that, under the reasoning of *McNeal v. GMAC Mortgage, LLC (In re McNeal)*, 735 F.3d 1263 (11th Cir. 2012), Bank of America's second lien may be "stripped off," or "voided," under 11 U.S.C. § 506(d).

2

7.     Bank of America timely filed a notice of appeal on April 8, 2014.

8.     In *McNeal*, the Eleventh Circuit held that its prior decision in *Folendore v. United States Small Bus. Admin.*, 862 F.2d 1537 (11th Cir. 1989), controlled analysis of the question presented here: Whether a junior lien that is completely underwater because a senior lien exceeds the value of the property is "voidable under the plain language of section 506(d)." *McNeal*, 735 F.3d at 1265 (quoting *Folendore*, 862 F.2d at 1538–39). *Folendore* had concluded that such a lien could be stripped off under Section 506(d). The *McNeal* panel acknowledged the Supreme Court's intervening decision in *Dewsnup v. Timm,* 502 U.S. 410 (1992), "which concluded that a Chapter 7 debtor could not 'strip down' a partially secured lien [i.e., a lien that exceeds the value of the collateral] under section 506(d)." *Id.* But, relying on the Eleventh Circuit's "prior panel precedent rule" – which states that "'a later panel may depart from an earlier panel's decision only when the intervening Supreme Court decision is clearly on point,'" *id.* (quoting *Atl. Sounding Co., Inc. v. Townsend*, 496 F.3d 1282, 1284 (11th Cir. 2007)) – the *McNeal* panel concluded that it was bound by *Folendore* notwithstanding *Dewsnup*: "Because *Dewsnup* disallowed only a 'strip down' of a partially secured mortgage lien and did not address a 'strip off' of a wholly unsecured lien, it is not

'clearly on point' with the facts in *Folendore* or with the facts at issue in this appeal." *Id.*

9.      By order dated August 2, 2013, the Eleventh Circuit ordered that its decision in *McNeal* be published.  *See* Order, *In re McNeal*, No. 11-11352 (11th Cir. Aug. 2, 2013).  By order dated May 20, 2014, the Eleventh Circuit denied petition for rehearing en banc.  See Order, In re McNeal, No. 11-11352 (11th Cir. May. 20, 2014).

10.     Bank of America disputes the correctness of the analysis in *McNeal* and *Folendore* and expressly reserves its rights in respect thereof.

11.     Nonetheless, *McNeal*, now published, is plainly binding on this Court such that a challenge to its reasoning in this Court would be futile. Such a challenge would appropriately be heard in the Court of Appeals or the Supreme Court.

12.     Bank of America thus submits this motion for summary affirmance in order to obtain a judgment of this Court allowing it to seek appellate review in the Court of Appeals for the Eleventh Circuit and/or in the U.S. Supreme Court in the most efficient manner.  Summary affirmance should be granted to preserve judicial resources and to expedite resolution of the question presented, which is important to the administration of chapter 7 bankruptcies.

13.   Between the time *McNeal* was decided and March 31, 2013, 545 motions presenting this issue in the chapter 7 context were filed in the Northern District of Georgia alone.  *See In re Malone*, No. 12-61289-MGD, [Doc. 54] at p. 4 (Bankr. N.D. Ga. Apr. 25, 2013).  Were this Court to summarily affirm the Order, an appeal to the Eleventh Circuit would lie as a matter of right.  Courts in this district have granted summary affirmance to expedite the appellate review process in other cases involving the same question presented here. *See, e.g., Order, Bank of America, N.A. v. David Lamar Sinkfield*, No. 13-01541-TCB, [Doc. 4] (N.D. Ga. May 9, 2013); *Bank of America, N.A. v. Waits*, No. 1:14-cv-00460-WSD, [Doc. 5] (N.D. Ga. Mar. 27, 2014); *Bank of America, N.A. v. Lee*, No. 1:14-cv-00547-CAP, [Doc. 4] (N.D. Ga. Mar. 21, 2014).   The Eleventh Circuit granted summary affirmance in the *Sinkfield* case to permit Appellant to seek en banc review and/or petition the Supreme Court for a writ of certiorari regarding the continued viability of *Folendore*.  *See* Order, No. 13-12141 (11th Cir. July 30, 2013).[1]

---

[1] Bank of America subsequently filed a petition for rehearing en banc in *Sinkfield*. The Court of Appeals construed the petition as a motion for reconsideration of the summary affirmance order and referred it to the panel, which denied the motion without explanation.  *See* Order, No. 12-12141 (11th Cir. Sept. 9, 2013).  Bank of America filed a petition for a writ of certiorari in the Supreme Court.  *See Bank of America, N.A. v. Sinkfield*, No. 13-700 (U.S.).  The Supreme Court denied the petition was denied on March 31, 2014, 134 S.Ct. 1760 (U.S. 2014), presumably to permit the en banc Eleventh Circuit to resolve the issue.

14.    Furthermore, at least 21 other cases presenting the same issue are currently pending in the Eleventh Circuit.  *See Bank of America, N.A. v. Robbie Lee*, No. 14-11353 (11th Cir.); *Bank of America, N.A. v. Beverly Johnson*, No. 14-11387 (11th Cir.); *Bank of America, N.A. v. Yvonne Waits*, No. 14-11408 (11th Cir.); *Bank of America, N.A. v. Rosa Garro*, No. 14-11676 (11th Cir.); *Bank of America, N.A. v. Kimberly Nemcik*, No, 14-11290 (11th Cir.); *Bank of America, N.A. v. Martin Hall*, No. 14-11292 (11th Cir.); *The Bank of New York Mellon v. Phally Lang*, No. 14-11373 (11th Cir.);  *Bank of America, N.A. v. Toni Hamilton-Presha*, No. 14-10137 (11th Cir.); *Bank of America, N.A. v. Dayo Bello*, No. 14-10062 (11th Cir.); *Bank of America, N.A. v. Alexis Lopez*, No. 14-10518 (11th Cir.); *Bank of America, N.A. v. Ilya Belotserkovsky*, No. 14-11012 (11th Cir.); *Bank of America, N.A. v. Randall Madden, et al.*, No. 13-14438 (11th Cir.); *Bank of America, N.A. v. Trina Renee Banks*, No. 13-13867 (11th Cir.); *Wilmington Trust, National Association v. Lynette Dais Malone*, No. 13-90013 (11th Cir.); *Bank of America, N.A. v. Belinda Brown,* No. 13-14298 (11th Cir.); *Bank of America, N.A. v. Betty Boykins*, No. 13-14908 (11th Cir.); *Bank of America, N.A. v. Ringgo Buenaseda*, No. 13-15037 (11th Cir.); *Bank of America, N.A. v. Brinda J. Braswell*, No. 13-15777 (11th Cir.); *Bank of America, N.A. v. Edelmiro Toledo-Cardona*, No. 13-15855 (11th Cir.); *Bank of America, N.A. v. Pamela Peele*, No.

6

13-15839 (11th Cir.); and *Bank of America, N.A. v. David B. Caulkett*, No. 14-10803 (11th Cir.).

    15.    Bank of America has filed Petitions for Rehearing En Banc in both *Bank of America, N.A. v. Trina Renee Banks*, No. 13-13867 (11th Cir.) and *Bank of America, N.A. v. Dayo Bello*, No. 14-10062 (11th Cir.) and Petitions for Initial Hearing En Banc in *Boykins*, *Buenaseda*, *Madden*, *Belotserkovsky, Hamilton-Presha*, and *Peele*. Upon this case reaching the Eleventh Circuit, Bank of America will ask the Eleventh Circuit to consolidate it with the other pending cases presenting the same issue.

    16.    Based on the foregoing, Bank of America respectfully requests that the Court grant this motion and enter the order attached as <u>Exhibit A</u> to this motion.

Respectfully submitted,

<u>*/s/ Bret J. Chaness*</u>
Bret J. Chaness (GA Bar No. 720572)
Rubin Lublin LLC
3740 Davinci Court, Suite 150
Peachtree Corners, Georgia  30092
(678) 281-2730

*and*

Craig Goldblatt
Wilmer Cutler Pickering Hale & Dorr
LLP
1875 Pennsylvania Ave., N.W.
Washington, D.C.  20006
(202) 663-6000

*Counsel for Bank of America, N.A.*

Dated:  May 22, 2014

## <u>FONT CERTIFICATION</u>

The undersigned counsel for Bank of America, N.A. hereby certifies that the within and foregoing was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 22nd day of May, 2014.

*/s/ Bret J. Chaness*
Bret J. Chaness (GA Bar No. 720572)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this 22nd day of May, 2014, served all parties in this matter with the foregoing by CM/ECF and by placing a true and correct copy of same in the United States Mail, with first-class prepaid postage affixed thereto, properly addressed as follows:

Jerry A. Daniels
Tyler Allen Moore
Daniels & Taylor, P.C.
390 West Crogan Street, Suite 300
Lawrenceville, GA 30046

*/s/ Bret J. Chaness*
Bret J. Chaness (GA Bar No. 720572)
